53 CCPA

**Perry Alan BYGDNES, Appellant,**

**v.**

**Alexander R. MAXEY and John H. Streets, Appellees.**

**Patent Appeal No. 7639.**

United States Court of Customs and Patent Appeals.

May 5, 1966.

Edward B. Gregg, Melvin R. Stidham, San Francisco, Cal., for appellant.

Edwin M. Luedeka, John F. Flannery, Robert K. Schumacher, Chicago, Ill., for appellees.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

PER CURIAM,

This is an appeal from a decision of the Board of Patent Interferences awarding priority to appellees in interference No. 93,853,[1] of a single count relating to improvements in magnetic tape transport mechanisms.

The junior party, Bygdnes, in an order of January 8, 1964, was notified that having failed to file a preliminary statement, judgment on the record would be entered against him unless good and sufficient cause be shown why such action should not be taken. Bygdnes filed a motion to shift the burden of proof, but the Patent Interference Examiner dismissed the motion. On petition by Bygdnes from the dismissal, the First Assistant Commissioner stated:

> * * * since the allegations contained in the motion would, if accepted, constitute a sufficient response to the order to show cause issued against the petitioner, it is believed that judgment should not be entered unless and until these grounds have been considered on the merits by the Board of Patent Interferences.

The above referred-to hearing was held, and this appeal resulted therefrom.

In essence, the party Bygdnes contends that the papers filed on July 16, 1962, by the party Maxey et al. (Maxey) did not constitute a complete application for a patent because they did not include a formal set of pen and ink drawings in conformity with Rule 84,[2] but instead included mounted photoprints of line drawings, and that therefore the granting to the party Maxey of a filing date of July 16, 1962, was in error. Bygdnes further urges that Maxey is entitled to a filing date no earlier than September 15, 1963, when formal ink drawings were filed. Bygdnes concludes that since his filing date is December 3, 1962, he, rather than Maxey, should be in the position of senior party in this interference.

It is our opinion that no error was committed in granting the party Maxey a filing date of July 16, 1962. Some latitude in Rule 84 exists as shown by Rules 53 and 85, in the case of mounted photoprints based on line drawings that are *clear, distinct and easily understood,* in order to accord those papers a filing date. Of import here is that mounted photoprints of pencil drawings constitute a permanent record capable of being reproduced and are not subject to the defect cited in Ex parte Velander, 1927 C.D. 91, 365 O.G. 3 (Com'r Pats. 1927), that is, the possibility of alteration. In re Annenberg, 124 USPQ 139 (Com'r Pats. 1958). Thus the papers together with the mounted photoprints of line drawings which were filed by Maxey on July 16, 1962, are considered to be a sufficient compliance with the Rules to warrant granting a filing date thereto.

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d) Title 28, United States Code.

1. The involved applications are those of the party Maxey and Streets, serial No. 210,265, filed July 16, 1962, and the party Bygdnes, serial No. 241,789, filed December 3, 1962.

2. The drawings were marked "Informal—AFE" (admitted for examination) by the chief draftsman and were forwarded to the examiner for examination.

For the reasons above stated, the contentions contained in the Bygdnes motion to shift the burden of proof do not constitute a sufficient response to the order to show cause, and the decision of the board awarding priority of invention of the subject matter in issue to Maxey, the prior inventor on the record, is affirmed.

Affirmed.